## Case No. 14,523.

### UNITED STATES v. BARNES.

[6 Ben. 183.] [1]

District Court, S. D. New York. Oct., 1872.

FORFEITURE—IMPORT ACTS—FALSE PAPER—ENTRY AND INVOICE.

1. If an importer, on entering goods at the custom house, takes the oath that the invoice of the goods, "contains a just and faithful account of the actual cost" of the goods, and is "in all respects true," when the cost stated in the invoice is not the actual cost, the oath is a false paper, and the importer knowingly makes the entry by means of a false paper, and the goods or their value are forfeited.

2. An invoice which states the cost of the goods falsely, is a false invoice, within the meaning of the act of March 3d, 1863 (12 Stat. 738), even though the cost is not required to be stated in the invoice because the goods are not subject to ad valorem duty.

This was an action brought against the defendant [Harvey Barnes] to recover the value of certain sugars imported by him, on the alleged ground that he had made the entry by means of false papers, and thereby had forfeited the value of the goods to the United States. On a trial before a jury a verdict was found in favor of the United States. The defendant made a motion for a new trial.

William Stanley, for the United States.
Stephen P. Nash, for defendant.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. The oath taken by the defendant, on making the entry, was, "that the invoice which I now produce contains a just and faithful account of the actual cost of the said goods, wares and merchandise," and that such invoice is "in all respects true." Evidence was given on the trial, to show that the invoice did not contain a just and faithful account of the actual cost of the sugars embraced in it, and that the invoice was untrue in respect to the cost of such sugars, and gave the cost at less than it really was, and was, therefore, not in all respects true. The jury, under the charge given, could not have found a verdict for the United States, unless they were satisfied, from the evidence, affirmatively, that the invoice gave the cost of the sugars as less than it really was. As the defendant, in the oath, stated that the invoice contained the actual cost of the sugars, and as it must be held, on the finding of the jury, that the cost stated in the invoice was less than the actual cost, it follows that, when the defendant swore that the cost stated was the actual cost, he swore to what he did not know, and could not have known, to be true. If he did not know it to be true, his oath was false, and the paper was a false paper. He knowingly made the entry by means of a false paper. The statute (Act March 3d, 1863, § 1; 12 Stat. 738) provides, that no goods shall be admitted to entry, unless the owner or consignee, or the agent of one of them, at the time of making the entry, verifies the invoice, by his oath or affirmation certifying that the invoice is in all respects true. The oath is a paper required on making the entry. It is a paper by means of which the entry is made. It is a paper other than the invoice, and other than the certificate of the consul. If not true, the oath is a false paper. If the oath states that the invoice is in all respects true, when the invoice is not in all respects true, the oath is a false paper. If the oath states that the invoice contains a just and faithful account of the actual cost of the goods embraced in it, when such cost is, in fact, stated therein at less than such actual cost, the oath is a false paper. If the owner states, in the oath, that the invoice is in all respects true, when, in fact, the invoice states the cost of the goods embraced in it at less than their actual cost, he states what is not true, and what he does not know and cannot know to be true, and makes such statement knowingly, knowing that he does not know the invoice to be in all respects true, and knowing that he does not know that the cost stated in the invoice is the actual cost. He, therefore, knowingly makes the entry by means of a false paper, and under the provision of the statute, the goods or their value are forfeited.

On this view, if, as the jury must have found, under the charge of the court, and as was shown by the evidence, the cost of the sugars was greater than the cost stated in the invoice, the defendant could, under no circumstances, be entitled to a verdict. Even if the court erred in the portions of its charge to the jury which are excepted to, and erred in refusing to charge in particulars requested by the defendant, the defendant was not legally harmed or prejudiced by any such error. Barth v. Clise, 12 Wall. [79 U. S.] 401.

I do not mean, however, to concede that there was any such error, or that an invoice stating the cost of the goods embraced in it at less than their actual cost is not "a false invoice" within the meaning of the act of 1863, even though the cost was not required to be stated in the invoice because the goods were not subject to ad valorem duty.

I see no error in the remark of the court to the jury, that the course of the government in not seizing the sugars after they had passed into the hands of bona fide purchasers, and in resorting to a suit to recover their value, was proper and just action, under the law and the circumstances of this case.

Nor do I see any error in the charge of the court, to the effect that, in view of the state of the evidence, as given by the government, in regard to the quality and value, and what must have been the cost, of the sugars in Demerara at the date of the invoice, it was incumbent on the defendant to produce evidence from Demerara as to such cost, and that the fact that he did not produce such evidence was in itself negative evidence, as strong as affirmative evidence on the part of the government, that the cost was below the invoice.

The observations made by the court as to the power of the secretary of the treasury to remit forfeitures, appear, by the bill of exceptions, to have been made, as stated at the time by the court, in view of remarks that had been made by the counsel for the defendant. It must be assumed, from the record, that those remarks were made in the hearing of the jury, and that they were such as to justify the observations of the court. If it were not so, the record should show it.

In the view first above stated, as to the effect of the oath of the defendant as to the absolute truth of the invoice, all consideration of the question as to knowledge by the defendant, at the time he made the entry, that the invoice was false in respect to prices, and that the cost of the sugars was greater than that stated in the invoice, was and is unimportant. It was sufficient that he swore that the invoice was true, when it was not true, and he did not know, and could not have known, that it was true. The statute makes such absolute affirmative oath of verity, to be made by the owner or the consignee, or the agent of one of them, a condition precedent to the admission of the goods to entry, and whoever makes such oath must be held to it, and if he swears that the invoice is true, when it is not true, he must abide the consequences. The fifth count of the declaration is founded on the oath, and avers, that the

defendant, as owner, consignee, or agent of the goods, made an entry of them by means of a false and fraudulent practice or appliance, in that he swore, in the oath which he made, that the invoice presented contained a just and faithful account of the actual cost of the goods, whereas, in fact, the invoice did not contain a just and faithful account of the actual cost of the goods, but, on the contrary, contained a false account thereof; and that.such oath was made with the intent on the part of the defendant to defraud the government of some part of the duties justly and legally due on the goods. This count is sufficient to sustain the verdict, on the facts. The allegation that the false oath was made by the defendant with intent to defraud the government, is equivalent to the allegation that the defendant "knowingly" made the entry by means of a false oath, as a false and fraudulent practice. Such intent, in regard to the false oath, necessarily imports that there was knowledge that the oath was false.

There are, in the record, two exceptions to the admission of evidence, but neither of them was urged on the motion for a new trial, and I perceive no error in admitting the evidence excepted to.

The views above stated cover all the exceptions urged on the motion for a new trial. If any legally prejudicial error was committed by the court at the trial, it was one of which the government had a right to complain, as the facts warranted a charge such as is hereinbefore indicated, and which would have been one on which the defendant never could properly have been entitled to a verdict, and on which no other verdict could properly have been given than one in favor of the United States.

The motion for a new trial is denied.

---

UNITED STATES (BARNES v.). See Case No. 16,929.